**DEUTSCH & SCHNEIDER LLP**
**COUNSELORS AT LAW**
79-37 MYRTLE AVENUE
GLENDALE, NY 11385
TEL. NO. (718) 417-1700
FAX NO. (718) 417-3095

WEBSITE: DANDSLAW.COM

JOSHUA DEUTSCH
BRIAN M. GOLDBERG
DORIS BARKHORDAR
SABBIR AHMED
WILLIAM J. FIELDING

SIDNEY SCHNEIDER (1925-2010)
PETER DEUTSCH (1906-1982)

DIRECT DIAL 14
E-mail: WFielding@dandslaw.com

September 7, 2016

Via ECF

U.S. District Court, EDNY
100 Federal Plaza
Central Islip, New York 11722

Attn: Hon. Joseph F. Bianco

In Re:   Mackey v. U.S. Dept. Of Justice, et al.,
         Case No.: 16-cv-3865-JFB-ARL

Dear Judge Bianco:

This office represents defendant Secured Asset Management, LLC in the above-referenced action ("Secured").

We submit this letter in compliance with your Honor's Individual Rule III.A., requesting that Secured be permitted to file a motion to dismiss the Complaint, pursuant to FRCP 9(b), 12(b)(1), (b)(6) and (h)(3), based upon the failure to plead fraud with particularity, the lack of subject matter jurisdiction, and the failure to state a claim upon which relief can be granted.

First, there is no diversity jurisdiction, which is required among all the parties. Here, the plaintiff is incarcerated in a federal prison in Danbury, Connecticut, but retains his former domicile in New York where his real property is located. According to the affidavit by defendant Astoria Bank in their motion to dismiss, Astoria is a federal savings association with a home office in Long Island City, New York, and thus also a citizen of New York, thus removing diversity of the parties.

Second, there is no federal question raised in the Complaint. While the Complaint cites 18 U.S.C. Sect. 3664(p), this section sets forth various burdens for selecting the proper amount of restitution for crime victims. This section does not provide a private right of action, and the Plaintiff has no cause of action by merely referencing this statute; nor do the Plaintiff's claims in the complaint amount to any right of action under this statute. This statute applies to the Department of Justice, and not to Secured, who commenced the underlying state

Hon. Joseph F. Bianco
Page Two

court foreclosure action, which has nothing to do with 18 U.S.C. Sect. 3664(p).

<u>Third</u>, as to Secured, the *Rooker-Feldman* doctrine applies. Here, Secured commenced a state court foreclosure based upon the plaintiff's default in payment of timely mortgage installments. The action resulted in a Judgment of Foreclosure and Sale dated March 23, 2016, entered in the Nassau County Clerk's office on May 2, 2016. Pursuant to this Judgment, the subject real property was scheduled for a referee's sale on August 30, 2016. (Prior to said sale, the Plaintiff filed Chapter 13 Bankruptcy Case No.: 16-73972 (Hon. Alan S. Trust), which stayed the scheduled sale). *Rooker-Feldman* bars the re-litigation of state law claims in federal court, where the plaintiff lost in state court, complains of injuries caused by a state court judgment, asks the U.S. District Court to review and reject that judgment, and where the state court judgment was rendered prior to the commencement of the District Court proceeding. The Plaintiff's complaint claims injuries from the New York Supreme Court, County of Nassau, Judgment, which Judgment was granted prior to the commencement of the instant action, and the Plaintiff seeks this Court's review and rejection of that Judgment in order to gain clear title. Basically, the Plaintiff seeks for this federal court to overturn the New York Supreme Court Judgment, in effect, seeking an "appeal" to this forum, which the <u>Rooker-Feldman</u> doctrine bars.

<u>Fourth</u>, the doctrine of *res judicata* applies, where the Plaintiff's claims in the instant Complaint were fully litigated in the New York Supreme Court foreclosure, and an adjudication reached on the merits by the Supreme Court, which granted Secured's motion seeking a Judgment. The Plaintiff herein raised defenses and appeared by counsel in opposition to Secured's foreclosure, and now seeks to re-litigate the same issues between the same parties which were already determined by the Supreme Court. This the Plaintiff is barred from doing, pursuant to the doctrine of *res judicata*.

Nor does the Plaintiff's Complaint provide or set forth any admissible evidence in support of his conclusions that Secured acted wrongly in the underlying foreclosure action. The Plaintiff's claims are unsupported, baseless, self-serving, and entirely lacking in merit.

Hon. Joseph F. Bianco
Page Three


    For the above reasons, Secured seeks to file a motion to dismiss the Complaint.

    Please let us know whether Your Honor has any questions in this matter at your earliest convenience.


Respectfully submitted,

DEUTSCH & SCHNEIDER LLP

*William Fielding*

William J. Fielding, Esq.

cc: Andrew S. Mackey
    Reg. Fed. I.D. 72284-053
    FCI Danbury
    33 E. Pembroke Road
    Danbury, CT 06811