UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
ANDREW S. MACKEY,

                Plaintiff,

         -against-

UNITED STATES DEPARTMENT OF
JUSTICE, et al.,

                Defendants.
-------------------------------------------------------------------X
ANDREW S. MACKEY

                Plaintiff,

         -against-

SECURED ASSET MANAGEMENT, LLC, et al.,

                Defendants.
-------------------------------------------------------------------X

ORDER
16-CV-3865 (JFB)(ARL)

ORDER
17-CV-2795 (JFB)(ARL)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 04 2018 ★

LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

Presently before the Court are Reports and Recommendations from Magistrate Judge

Arlene R. Lindsay ("the R&Rs"), addressing the motion to dismiss filed by defendants United

States Department of Justice and the Federal Bureau of Prisons (together, "the federal

defendants") and the motion for an emergency hearing filed by plaintiff in the above-referenced

actions.[1] The R&Rs recommend that the Court grant the federal defendants' motion to dismiss

for lack of subject matter jurisdiction and that the Court therefore need not decide plaintiff's

motion for an emergency hearing. The R&Rs further recommend that the Court deny plaintiff

leave to amend. The Court served the R&Rs on plaintiff on August 9, 2018. The R&Rs

instructed that any objections be submitted within fourteen (14) days of their service. The date

for filing any objections has thus expired, and no party has filed an objection to the R&Rs.

---

[1] The Court refers to *Mackey v. United States Department of Justice*, No. 16-CV-3865 as "*Mackey I*" and *Mackey v. Secured Asset Management, LLC*, No. 17-CV-2795 as "*Mackey II*" herein.

Where there are no objections, the Court may adopt a report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although no party has objected to the R&Rs, the Court has conducted a *de novo* review of the R&Rs in an abundance of caution. Having conducted a review of the records and the applicable law, and having reviewed the R&Rs *de novo*, the Court adopts the thorough and well-reasoned R&Rs in their entirety and grants the federal defendants' motion to dismiss, dismisses plaintiff's claims against the federal defendants, and denies plaintiff's motion for an emergency hearing.[2]

---

[2] The Court notes that the R&Rs recommend that the federal defendants' motion to dismiss be granted for lack of subject matter jurisdiction and that, when discussing plaintiff's claim against the Department of Justice for allegedly improperly placing a lien on his property, the R&Rs specifically found that "[t]he final judgment of the District Court in the Northern District of Georgia precludes Plaintiff from relitigation [of] the same issues here under the doctrine of res judictata." (*Mackey I* R&R at 14; *see also Mackey II* R&R at 10.) However, the Court notes that the doctrine of res judicata does not implicate the Court's jurisdiction, and that res judicata challenges are instead

Accordingly, IT IS HEREBY ORDERED that the federal defendants' motion to dismiss is granted. Plaintiff's claims against the federal defendants are dismissed without leave to amend. In addition, in light of the fact that plaintiff's claims against the federal defendants were the only remaining claims in the above-referenced actions,[3] IT IS FURTHER ORDERED that the Clerk of Court shall close both cases.

IT IS FURTHER ORDERED that the federal defendants shall serve a copy of this Order on plaintiff and file proof of service with the Court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Joseph F. Bianco
United States District Judge

Dated:      September 4, 2018
Central Islip, New York

---

"properly . . . raised via a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994). Accordingly, given that the Court agrees that plaintiff's claim against the Department of Justice regarding the government's lien on his property is barred on res judicata grounds, the Court grants the federal defendants' motion to dismiss this claim for failure to state a claim under Rule 12(b)(6) and denies plaintiff's motion for an emergency hearing—which involves the same issues regarding plaintiff's restitution and the government's lien on his property that were raised or could have been raised in plaintiff's criminal case in the Northern District of Georgia—on the same basis.

[3] Plaintiff's claims against the other defendants were dismissed in *Mackey I* (*see Mackey I* Dkt. Nos. 62, 64, 66) and remanded to Nassau County Supreme Court in *Mackey II* (*see Mackey II* Dkt. Nos. 48, 51).

3